**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOISES ROVERTO RIVERA-NAJARO, | No. 08-70294 |
| Petitioner, | |
| v. | Agency No. A097-742-527 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011**

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Moises Roverto Rivera-Najaro, native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that the threats by Rivera-Najaro's mother's ex-boyfriend against Rivera-Najaro did not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the finding that Rivera-Najaro does not have a well-founded fear of future persecution because his mother, who suffered physical harm from her ex-boyfriend, has not encountered any problems on her return visits to Guatemala. *See Rodriguez-Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir. 1988) (similarly-situated family members living in El Salvador undercut petitioner's claim of a well-founded fear of future persecution). Further, substantial evidence supports the finding that Rivera-Najaro does not have a well-founded fear of future persecution based on his father's former involvement with the civil patrol because there is no evidence he would be targeted specifically. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (the record does not compel a ten percent chance of future persecution). Accordingly, Rivera-Najaro's asylum claim fails.

Because Rivera failed to meet the lower burden of proof for asylum, it

follows that he has not met the higher standard for withholding of removal. *See*

*Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**